# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA NAPOLD, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 17-584 |
| v. | ) |
| | ) Hon. Nora Barry Fischer |
| PARVATISHVER, LLC d/b/a QUALITY SUITES, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Supplemental Brief in Support of Her Motion for Attorneys' Fees and Costs and her Motion for Pre-Judgment Interest on the Back Pay Award and Post-Judgment Interest on the Entire Damages Award. (Docket Nos. 45, 46). After careful consideration of Plaintiff's motions, to which no responses have been filed, and for the following reasons, Plaintiff's motions, (Docket Nos. [45], [46]), are GRANTED.

By way of background, this is an action in which Plaintiff Tanya Napold sought to recover from Defendant Parvatishver, LLC d/b/a Quality Suites ("Parvatishver") for damages stemming from employment discrimination. After Parvatishver filed no answer to Plaintiff's complaint, default was entered. Liability having been determined, the Court held an evidentiary hearing to determine the amount of damages to which Plaintiff is entitled. Counsel for Parvatishver appeared but presented no evidence. Thereafter, Plaintiff filed proposed findings of fact and a motion for attorneys' fees and costs of litigation, as well as supporting exhibits and documentation.

In a Memorandum Opinion, the Court entered judgment in favor of Plaintiff and against Parvatishver as follows: (1) back pay in the amount of $15,325.37; (2) front pay in the amount of $30,576.00; (3) compensatory damages in the amount of $40,000.00; (4) punitive damages in the

amount of $10,000.00; and attorneys' fees in the amount of $14,680.00. (Docket Nos. 43, 44). Within ten days of the date of its Order, the Court ordered Plaintiff to file supplemental briefing, if she so desired, as to the following: (1) attorneys' fees for counsel's work completed after November 1, 2017, through the date of the judgment; (2) her claim for pre-judgment interest on the back pay awarded; and (3) her claim for costs. (Docket No. 44). Plaintiff filed a supplemental brief in support of her motion for attorneys' fees and costs, (Docket No. 45), as well as a motion for pre-judgment interest on the back pay award and post-judgment interest on the entire damages award, (Docket No. 46).

First, as to Plaintiff's request for attorneys' fees and costs, the Court previously determined that Plaintiff is entitled to recover attorneys' fees as a prevailing party in this action. (Docket No. 43 at 12-13). In awarding attorneys' fees, the Court found that counsel's hourly rate of $200.00 was reasonable. (*Id.* at 13). In supplemental briefing, Plaintiff seeks to recover attorneys' fees in the amount of $3,960.00, billed at $200.00 per hour for 19.8 hours after November 1, 2017. (Docket No. 45). Counsel has attached a detailed summary of each billing, including time spent attending the hearing in this matter, reviewing the hearing transcript, drafting a proposed statement of facts after the hearing, reviewing the Court's Order, and preparing the motions and briefing presently before the Court. (Docket No. 45-1). The Court finds that counsel's billings are reasonable. Thus, at counsel's rate of $200.00 per hour, Plaintiff is entitled to recover an additional $3,960.00 in attorneys' fees and $752.15 in costs. (Docket No. 45 at 2).

Second, as to pre-judgment interest, Plaintiff requests that the Court use the Internal Revenue Service's ("IRS") rate or the average of the prime interest rate, compounded annually, to calculate the pre-judgment interest award. (Docket No. 46 at 4). It is well settled that "[i]t is within the District Court's equitable discretion to decide whether payment of interest should be ordered, and to decide

upon both the interest rate and the period of time on which the interest will be calculated." *SEC v. Teo*, 746 F.3d 90, 109 (3d Cir. 2014).

Here, the Court will use the IRS rate to calculate the pre-judgment interest to be awarded. *See, e.g.*, *Wilson v. Advanced Urgent Care, P.C.*, No. 16-CV-214, 2017 U.S. Dist. LEXIS 32614, *13 (M.D. Pa. Mar. 8, 2017) (noting that federal courts typically use the IRS rate in calculating pre-judgment interest); *Johnson v. Dependability Co.*, No. 15-CV-3355, 2016 U.S. Dist. LEXIS 27643, at *8 (E.D. Pa. Mar. 3, 2016) (applying the IRS rate in calculating the pre-judgment interest to be awarded); *Perez v. Kwasny*, No. 14-CV-4286, 2016 U.S. Dist. LEXIS 16049, at *8 (E.D. Pa. Feb. 8, 2016) (finding that the IRS rate is equitable). The current IRS rate is 4%. *See* https://www.irs.gov/newsroom/interest-rates-remain-the-same-for-the-first-quarter-of-2018 (stating that the IRS rate is 4%).

Based upon the current IRS rate, Plaintiff is entitled to recover $1,655.98 in pre-judgment interest. In calculating the pre-judgment interest, the Court notes that 32.5 months, or 986 days, have passed between June 18, 2015, the date of Plaintiff's termination, and February 28, 2018, the date this Court entered judgment in favor of Plaintiff. (Docket No. 43 at 9-10 (citing *Gallo v. John Powell Chevrolet, Inc.*, 779 F. Supp. 804, 808 (M.D. Pa. 1991), and explaining that an award for back pay is calculated from the date of unlawful termination to the date of judgment entered in the plaintiff's favor)); *see also Teo*, 746 F.3d at 109 (stating that it is within the District Court's discretion to decide the period of time on which the interest will be calculated). The Court has taken the IRS rate of 4% and divided it by 365; then multiplied the result by 986 days; and finally multiplied that result by the back pay award of $15,325.37. (*See* Docket No. 44).

Third, as to post-judgment interest, "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield,

as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The Supreme Court has stated that "[t]he purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990). The Third Circuit has held that post-judgment interest under 28 U.S.C. § 1961 applies to the pre-judgment interest component of a monetary award. *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986). Here, the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment was 2.02%. *See* https://www.federalreserve.gov/datadownload. Given the clear law and the lack of anyopposition, the Court finds that Plaintiff is due post-judgment interest on the total money judgment of $110,581.37, (*see* Docket No. 44), plus supplemental damages of $6,368.10 awarded in this Order, for a total of $116,949.47. 28 U.S.C. § 1961. Thus, post-judgment interest at the rate of 2.02% is awarded on $116,949.47, compounded annually.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's motions, (Docket Nos. [45], [46]), are GRANTED as follows:

1. Plaintiff is entitled to recover an additional $3,960.00 in attorneys' fees, for a total of $18,640.00 in attorneys' fees. (*See* Docket No. 44 at 1-2 (awarding Plaintiff $14,680.00 in attorneys' fees)).

2. Plaintiff is entitled to recover $752.15 in costs.

3. Plaintiff is entitled to recover $1,655.98 in pre-judgment interest.

4. Plaintiff is entitled to recover post-judgment interest at the rate of 2.02% on the total

award of $116,949.47, compounded annually.

Finally, IT IS ORDERED that the Clerk of Court shall mark this matter CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 16, 2018

cc/ecf: All counsel of record